IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
                                            :
ROCHELLE BILAL AND WANDA DAVIS              :
                                            :   CIVIL ACTION
       -vs-                                 :
                                            :   COMPLAINT
COLWYN BOROUGH; PAUL MEUSER, DANIEL         :
RUTLAND, PAULA BROWN, BRYAN HILLS,          :
PATRICIA WILLIAMS,  MICHAEL BLUE            :   NO:
TREVOR T. PARHAM SR,  AND                   :
JADE T. HAYES                               :    JURY TRIAL DEMAND
_____     :


COMPLAINT

## I.    INTRODUCTION

1.      This is a civil action brought by the Plaintiffs under 42 USC 1981, 1983, 1985

and 1988, et seq. The Plaintiffs seek all equitable and legal relief to make the Plaintiffs whole.

The relief Plaintiffs seek includes, but is not limited to, reinstatement, compensatory damages,

economic damages (which damages include an award of front and back pay that was lost from

the Defendants' wrongful discriminatory and retaliatory termination of employment) and

punitive damages.[1]

2.      The relief that Plaintiffs seek for an intentional and/or reckless deprivation by the

defendants, acting under color of state law, of the Plaintiffs' first, fourth and fourteenth

amendment rights is sought under 42 USC 1981, 1983, 1985 and 1988.

3.      The Defendants' acts and/or omissions, which are described more fully below,

acted at all times under color of state law, and from a policy, practice, or custom of the

governmental entity. Which policy, practice, or custom includes a failure to properly supervise,

_____
[1] Plaintiffs do not seek punitive damages against the municipal defendant but only against the
individual defendants.

1

train and/or hire employees, which failure the municipal defendant and its policy-makers, knew or should have known would likely cause a deprivation of civil rights.

4. The Defendants' acts were done in reckless disregard for or deliberate indifference of the Plaintiffs' federally secured rights. Such rights as the right to be free from an unreasonable seizure or search, equal protection, freedom of political association, and to valid and/or adequate due process of law (procedural and substantive[2]), which rights, respectively are secured under the fourth, first, and fourteenth amendment of the United States Constitution and law.

5. As a consequence of the Defendants' acts and/or omissions, which are more fully described below, the Plaintiffs each suffered economic damages in excess of $150,000.00 and personal injury. Such personal injury is, but not limited to, pain and suffering, mental anguish, humiliation, embarrassment, loss of enjoyment of society and life, and emotional distress, which distress manifested into physical symptoms; such as, eye twitching, weight fluctuation, hair loss, depression, mood swings, and sleep loss, night mares, fear of going to work, fear of losing and being denied employment, fear of waiting for the bus after dark, fear when leaving work and overall stress.

6. The proximate and legal cause for the Plaintiffs damages are the Defendants' acts and omissions and of which are more fully describe below by the Plaintiffs.

7. The acts of the Defendants, aside from being intentional, reckless, and/or malicious, were outrageous, shocking to the conscience and beyond that which society is willing to accept for a governmental entity and/or governmental employer and/or official, to which the

---

2 The Substantive Due Process claim is not asserted by the Plaintiffs for the termination. Third Circuit authority holds there is no cognizable substantive due process claim in public employment. However, the claim is cognizable for the fourth amendment unreasonable seizure claim.

## II.  PARTIES

8.     Rochelle Bilal and Wanda Davis are the Plaintiffs; they are natural persons, female, and African-American. They are citizens of and domiciled in Pennsylvania; they reside within the venue of this Court, and at all times were qualified to perform the employment for which they held at Colwyn Borough until they were wrongfully and discriminatorily termination.

9.     At all times material hereto, the Plaintiff Rochelle Bilal resided at 103 E. Colonial Street, Philadelphia, Pennsylvania 19120.

10.    At all times material hereto, the Plaintiff Wanda Davis resided at 413 Titan Street, Philadelphia, Pennsylvania 19147.

11. The Defendant Colwyn Borough (hereinafter referred to as Colwyn Borough) is a governmental entity and employer; it operates through its employees, the elected officials, and its authority is derived from Pennsylvania Commonwealth Law, such as the Borough Code. Colwyn Borough is a governmental entity located in Delaware County, Pennsylvania, which County is within the venue for this Court.

12.  The Defendant Daniel Rutland, at all times material hereto, acted as the Mayor of Colwyn Borough. His place of business is 222 Spruce Street, also known as Colwyn Borough Police Department, which is located in Colwyn Borough, Pennsylvania 19024.

13. The Defendant Patricia Williams, at all times material hereto, was a Council Borough Member of Colwyn Borough, with a principal place of business, located at 221 Spruce Street, which address is also known as Colwyn Borough Hall, in Colwyn Borough, Pennsylvania 19024.

14. The Defendant Bryan Hills, at all times material hereto, was the acting Chief of Police at Colwyn Borough, with a place of business located at 222 Spruce Street, also known as Colwyn Borough Police Department, in Colwyn Borough, Pennsylvania 19024.

15. The Defendant Paul Meuser, at all times material hereto, was the Colwyn Borough Councilperson, and presently is the Colwyn Borough Council President, with a with a principal place of business, located at 221 Spruce Street, also known as Colwyn Borough Hall, in Colwyn Borough, Pennsylvania 19024.

16. At all times material hereto, the Defendant Michael Blue is an individual and is the current Mayor of Colwyn Borough, with a principal place of business, located at 221 Spruce Street, also known as Colwyn Borough Hall, in Colwyn Borough, Pennsylvania 19024.

17. At all times material hereto, the Defendant Paula Brown is an individual and is the Current Colwyn Borough Manager, with a principal place of business, located at 221 Spruce Street, also known as Colwyn Borough Hall, in Colwyn Borough, Pennsylvania 19024.

18. At all times material hereto, the Defendant Trevor T. Parham, Sr., is an individual and was a Corporal Police Officer, with a place of business located at 222 Spruce Street, also known as Colwyn Borough Police Department, in Colwyn Borough, Pennsylvania 19024.

19. At all times material hereto, the Defendant Jade T. Hayes, is an individual and was a Corporal Police Officer, with a place of business located at 222 Spruce Street, also known as Colwyn Borough Police Department, in Colwyn Borough Pennsylvania 19024.

20. Daniel Rutland is the Mayor at the time of the July 21, 2013 arrest or unreasonable seizure of the Plaintiffs, which seizure is more fully described below Rutland is and was then responsible for the day-to-day operations of the Colwyn Borough Police Department and for and he always had the authority under law for this responsibility. He over-saw the scheduling for Police Officers of Colwyn Borough and other such duties included but were not limited to approving overtime, absences, leaves, vacations, training, discipline, and scheduling of duties of the police officers.

22. At all times material hereto, the Defendant Bryan Hills, as Chief of Police at Colwyn Borough was responsible for the training, scheduling and overall and supervision of conduct on and off duty of Colwyn Borough police employees and the sworn police officers.

23. At all times material hereto, the Defendant Paul Meuser, had responsibility for the hiring, promotions, disciplinary and terminations of all of the employees of the Colwyn Borough, including but not limited to employees of the Police Department.

24. At all times material hereto, the Defendant Michael Blue, as Mayor, was a supervisor and policy-maker. He was responsible for the day to day operations of the Colwyn Borough Police Department and had the authority under law for the scheduling for Police Officers of Colwyn Borough, and their training and supervision, such included but is not limited supervision and training of work duties, discipline, to avoid violating rights, and payment and scheduling of overtime, leaves, vacations, and personal times.

25. At all times material hereto, the Defendant Paula Brown was responsible for the administrative and day-to-day operations of Colwyn Borough.

26. At all times material hereto, the Defendant Trevor T. Parham, was a Corporal Police Officer and patrol officer with the day-to-day supervision duty authority over the activities of other Police Officers of Colwyn Borough..

27. At all times material hereto, the Defendant Jade T. Hayes, was a Corporal Police Officer and patrol officer with the day-to-day supervision duty authority over the activities of other Police Officers of Colwyn Borough.

28. At all times material hereto, the Defendants Paula Brown, Patricia Williams, Michael Blue, Trevor T. Parham, Sr, and Jade T. Hayes are African Americans.

29. At all times material hereto, the Defendants Daniel Rutland, Paul Meuser and Bryan

Hills are white (Caucasian) males.

30. At all times material hereto, the Plaintiff Rochelle Bilal and Wanda Davis are African American females.

31. At all times material hereto, the Defendants are citizens of and domiciled in Pennsylvania and they reside within and/or have as its principle place of business office within the venue of this Court.

III. JURISDICTION AND VENUE

32. This Court has subject matter jurisdiction over the civil action under 42 USC 1981 and 1983, and 28 USC 1331, and Plaintiffs invoke 28 USC jurisdictions for this Court to hear the supplemental pendent state claims.

33. All events for the Plaintiffs' causes of action, and the acts by the Defendants, which Plaintiffs assert give rise to the cause of action and liability of the Defendants, occurred in Colwyn Borough, which place is within the venue of this Court.

IV. MATERIAL FACTS AND CAUSES OF ACTION FOR BOTH PLAINTIFFS

34. Plaintiff incorporates all preceding paragraphs here and as though each was repeated verbatim.

35. On or about March 4, 2013, Colwyn Borough Council Members hired Wanda Davis as a Police Clerk. The Plaintiff Wanda Davis was to be paid $15.25 per hour for an average of 32 hours per week.

36. At all times material hereto, the Plaintiff Wanda Davis worked at both the Colwyn Borough Hall and at the Colwyn Borough Police Department.

38. The Plaintiff Wanda Davis was hired to work under the direction and supervision of Plaintiff Rochelle Bilal, Director of Public Safety, and under Tonette Pray, who was the

President of Council and the Chair of Public Safety.

39. At all times material hereto, the Plaintiff Wanda Davis worked was a person as defined or intended under "Borough Code, and she was a covered employer under the Borough Code of Pennsylvania, which code in relevant part provides: that "No person employed in any police or fire force of any borough shall be suspended, removed or reduced in rank except for the following reasons:

> (1) Physical or mental disability affecting his ability to continue in service, in which cases the person shall receive an honorable discharge from service.

> (2) Neglect or violation of any official duty.

> (3) Violation of any law which provided that such violation constitutes a misdemeanor or felony.

> (4) Inefficiency, neglect, intemperance, immorality, disobedience of orders, or conduct unbecoming an officer.

> (5) Intoxication while on duty.

> (6) Engaging or participating in conducting of any political or election campaign otherwise than to exercise his own right of suffrage.

40. At all times material hereto, the Plaintiff Wanda Davis was perceived to be a close friend to co-Plaintiff Rochelle Bilal and Council member Tonette Pray, thus the defendants deemed Davis to be a threat to the Defendants or their plan to terminate Bilal and end Pray's position as Council President and/or member.

41. At all times material hereto, before July 21, 2013, the Defendant Parham knew that his job was in jeopardy because he was so notice though written discipline of his insubordination and impeding the hiring process for then Deputy Chief Anthony Floyd and three newly hired officers, who were Alexander Moldavisky, Matthew Ryan, Stephen Rozinaskoski, all of which

were to be working under the Direction of Public Safety Director Rochelle Bilal.

42. At all times material hereto, because the Plaintiff Wanda Davis was working under the direction of the Plaintiff Rochelle Bilal, the Defendant Parham saw those two Plaintiffs as one and proceeded to retaliate against both Plaintiffs because of their association with one another, Pray and Bilal's and Pray's supervisory positions of Parham within the Borough.

43. The said retaliations, included but were not limited to ,an on or about July 21, 2013 unreasonable seizure of Plaintiff Wanda Davis by Parham  and Jade Tenita Hayes, which unreasonable seizure was done under color of state law, using police arrest authority and their positions as Colwyn Borough police officer,  .

44. Further, in or about July of 2013, the Plaintiff Rochelle Bilal, as the african-american female public safety director, took steps to recommend disciplinary action to Borough Council of the Defendant Trevor Parham, Sr.,  for conduct unbecoming of a Police Officer, which action was warranted against Parham, for Defendant Parham prior conduct that is previously mentioned.

45.  The reasons that the Defendant Parham was to be disciplined, included but is not limited to, conduct unbecoming of a Police Officer and insubordination to both the then Deputy Chief Anthony Floyd and Public Safety Director Rochelle Bilal. The conduct was for impeding the hiring process of several Police officers and  Deputy Chief .

46. The said Defendant Trevor Parham, Sr., knew from the written notice by the Plaintiff of the discipline that his position as a Colwyn Borough Police Officer was in jeopardy.

47. On or about July 21, 2013, the Plaintiff was preparing disciplinary paperwork, memos, correspondences for a same day Emergency meeting called by the Cowlyn Borough Council Members, to be presented to the Defendant Colwyn Borough Council member's, so that Council

members could vote on whether or not the Defendants Trevor Parham and Tenita Jade Hayes would receive disciplinary action from the Borough Colwyn member, which could have included termination, for their conduct as stated herein.

48. While in the process of preparing the disciplinary paperwork, the Defendants Mayor Daniel Rutland and Trevor Parham and Tenita Jade Hayes got together, colluded and conspired to a plan and course of action to stop the Plaintiffs Wanda Davis and Rochelle Bilal, and Deputy Anthony Floyd,  from completing the preparation of and/or presenting the Disciplinary paperwork against the Defendants.

49. In furtherance of the Plan, aforementioned in the prior paragraph, on or about July 21, 2013, the Plaintiff Wanda Davis was unreasonably seized by an arrested and she was placed in handcuffs and put in a holding cell in Colwyn Boro by the Defendants Trevor Parham Sr. and Tenita Jade Hayes, all to her great fear, embarrassment, detriment, and humiliation.

50. At all times material hereto, the Defendants Trevor Parham, Sr. and Tenita Jade Hayes were in full Colwyn Borough Police uniform, with loaded guns on their holsters and acting under color of law and with the full authority of the Defendants and Colwyn Borough, when they arrested the Plaintiff Wanda Davis.

51. At all times material hereto, the Defendant Mayor Daniel Rutland was present when the Plaintiff Wanda Davis was unreasonably seized by arrest from the aforementioned  conspiracy, and defendant Rutland did nothing to end the unreasonable seizure; rather, he condoned it, ratified it and encouraged the arrest of the Plaintiffs, all to their detriment, when he could have stopped the unreasonable seizure.

52. But for, the Plaintiffs' race, gender, association and/ or lawful activity they would not have been subjected to the unreasonable seizure or its continuance after being known by the

defendants.

53. Although the seizure of the Plaintiffs was made by a warrant, the warrant was defective and issued as he result of deception upon the issuing judicial officer by Parham and the other defendants.

54. The said warrant had 16 counts and charges, all knowingly false and unsupported with truthful facts, which fact was judicially determined and the charges against the Plaintiff Wanda Davis and Bilal were summarily dismissed upon the judge learning they were the Public Safety Director and aid. When opening the mail that was delivered to Colwyn Borough

55. Intentionally and maliciously withholding from the reviewing judicial officer by Parham was materially truthful information.

56. Some of the said counts in the Affidavit of Probable Cause accused the Plaintiff Wanda Davis of improperly opening mail of the Defendant Colwyn Borough and allegations of theft and conspiracy, amongst others.

57. The warrant was unsupported by probable cause, and the affidavit of probable cause was untrue and/or contained deceptive correct of which the true information the issuing magistrate judge and/or a court of competent jurisdiction would have wanted to know before issuing the warrant, and if known would not have issued the warrant.

58. The Defendant Trevor Parham Sr. intentionally omitted material facts in the affidavits of probable cause, so as to obtain an illegal arrest against the Plaintiff, Wanda Davis, all to her financial loss and detriment.

59. Further, the Defendand Trevor Parham, Sr., omitted facts a reviewing magistrate judge would want to know and should know, before approving a warrant of arrest.

60. Defendant Trevor Parham provided false information to the judicial officer to deprive

the judicial officer of information Parham knew should be disclosed but if disclosed would make what was disclosed false. For example, Parham omitted that Rochelle Bilal was the Public Safety Director and Davis was her aid. That Wanda Davis was the Police Clerk. Parham failed to write that Bilal and Davis by virtue of their employment and positions in Colwyn Borough had authority to receive, open, read and distribute mail, which mail came or was sent to Colwyn Borough.

61. Parham under color of state law intentionally with malice and/or recklessly, with the intent to deprive rights or in reckless disregard for rights, presented false or deceptive information to the judicial officer that the Plaintiffs Wanda Davis and Rochelle Bilal were not "official employees of Colwyn Borough" , and Parham did such when he already knew that the Plaintiff Rochelle Bilal was his superior and that the Plaintiff Wanda Davis was the Police Clerk and aid to Bilal. Parham knew Davis and Bilal were in the process of presenting discipline papers against him and to present the papers to the Colwyn Council Borough Members, which include Pray.

62. As a result of Parham's deliberate, intentional and malicious action, done with deliberate indifference or reckless disregard for the Plaintiff's rights, the Plaintiff Wanda Davis and Bilal were deprived of their freedom, free movement and held in police custody for several hours; their liberty and free movement deprived, and they were subjected to unwanted publicity about the false accuses, though the written and electronic media, which publicity that was intended by the defendants, who notified the press, and such harm cause the Plaintiff to suffer injury that includes but is not limited to extreme emotional distress, humiliation embarrassment and injury to their reputations.

63. The said warrant by Parham had 16 counts and charges, all were known by Parham to be

knowing false and unsupported with truthful facts.

64.     The Plaintiff Wanda Davis and Rochelle Bilal were not only unreasonably seized but also unreasonably searched following the arrest.

65.     The Plaintiff Wanda Davis and Rochelle Bilal were photographed, finger- printed, handcuffed, and driven to a magistrate judge. Thereafter, the arrest was made public.

66.     On or about July 23, 2013, the criminal charges brought by Defendant Trevor Parham against  the Plaintiff  Wanda Davis and Rochelle Bilal, were reviewed by a judge, as was the affidavit of probable cause and facts omitted by the Defendant Trevor Parham .

67.     The reviewing judge on July 23, 2013 dismissed the charges and released the Plaintiff Wanda Davis. The Judge found that the Plaintiff Wanda Davis as a Police Clerk was authorized to receive, open, read, and distribute the subject mail. It was not only authorized by Director Rochelle Bilal, but it was one of her job duties. The Delaware County District Attorney's office Attorney Jack Whelan held a press conference and also concurred that the criminal charges should be dismissed.

68. The arrest of the Plaintiffs Wanda Davis and Bilal, by Defendant Trevor Parham was shocking to the conscious, as evidences by the summary judicial dismissal of the charges and concurrence of such by the county district attorney, done because of association, race or gender, and it resulted in a deprivation under color of state law of the Plaintiffs' fourth and fourteenth amendment rights to be free from an unreasonable search and seizure, a statutory and constitutional malicious use of process, equal protection, and substantive due process of law.

69. Plaintiff Wanda Davis was handled rough or unreasonably for the charge, and circumstances at the time of the arrest, by Defendant Tenita Hayes who forcibly snatched out of Davis ears her earring.  Defendants Hayes and Parham also pulled and twisted Davis arms

behind back to handcuff her, which acts reinjured Davis' healed shoulders. Their acts caused further pain and suffering upon Davis.

70. Further, the Plaintiff Wanda Davis was placed in a holding cell, transporting for fingerprinting, processed, mug shots were taken, and she was illegally and wrongfully detained until arraignment.

71. At all times material hereto, the Defendant Jade Tenita Hayes, colluded, agreed, acquiesced and aided in concert the conspiracy with the Defendant Trevor Parham, Sr.

72. At all times material hereto, the Defendant Jade Tenita Hayes, knew or should have known that information provided on the Arrest Warrant, the Affidavit of Probable Cause, the Information presented to the reviewing Magisterial District was false, misleading, unfounded, and illegal, and should have stopped Parham but did not.

73. At all times material hereto, the Defendant Trevor Parham, Sr., colluded and was acting in concert and conspired with the Defendant Jade Tenita Hayes.

74. At all times material hereto, the Defendant Trevor Parham, Sr., knew or should have known that information provided on the Arrest Warrant, the Affidavit of Probable Cause, and the information presented to the reviewing Magisterial District was false, misleading, unfounded, and illegal.

75. Further, on or about January 7, 2014 both Plaintiff Rochelle Bilal and the Plaintiff Wanda Davis were told not to show up for work. Each was told they no longer had a job. The Plaintiffs nonetheless went to their offices at the Defendant Colwyn Borough, and each was again told by the Defendants, their agents and employees, to the Plaintiffs' surprise, that they could not enter the public building f if they did they would be arrested because they no longer worked there and were locked out. Davis later learned by officers of the Defendant Colwyn

Borough that her clothing & personal office supplies were thrown away and discarded,

76. At all times material hereto, the Plaintiff Wanda Davis and Rochelle Bilal were terminated without any due process of law.

77. At all times material hereto, the Defendants Bryan Hills, Paul Meuser, Mayor Michael and Blue, and then Borough Administrator Daniel Rutland, colluded, conspired and participated in the said lock out and termination of the Plaintiff Wanda Davis, and each was acting in concert, jointly, severally and individually.

78. Further, Defendants Bryan Hills, Paul Meuser, Mayor Michael and Blue, and then Borough Administrator Daniel Rutland took it upon their own to pack-up and throw away the Plaintiff Wanda Davis's personal belongings; each actively participated in the wrongful termination and lock out of the Plaintiffs.

79. Plaintiff Wanda Davis and Bilal were at the time of the termination told by Defendants Hills, Blue and Meuser that they were terminated.  Each Plaintiff was told they had to leave Boroughs Hall and the building. The Plaintiffs were warned and such warning was that they could not come into the public building and if they did, each would be arrested.

72  Plaintiff Wanda and Bilal, when told they were terminated, did not engage in unreasonable conduct. Davis and  Bilal, nevertheless, were not provided pre-termination Loudermill due process hearing process; such as, but not limited to, notice of any charge or act of wrongdoing and/or an opportunity to speak on the termination and/or basis for the termination. Neither received official notice of separation and/or termination or for the basis of the separation and/or termination from employment, or a right to appeal the termination.

73  The Plaintiff Wanda  Davis was escorted out of Borough Hall, their offices, and place of employment, with a threat of arrest, the use of police authority, and a show of unreasonable

force,  Colwyn Borough police officers Michael Kennedy & Michael Hale, who was directed by Blue and Meuser to remove Bilal and Davis  and not let them in the building.

74   Defendants Blue and Meuser used their authority as Colwyn Borough officials; here Meuser as a council-person, and Blue as the Mayor and policy making chief supervisor of the Colwyn Borough Police Department, to deprive Davis and Bilal of liberty by an order to police officers Michael Kennedy & Michael Hale to remove Bilal and Davis under threat of arrest.

76. Defendants Blue and Meuser used their conferred statutory authority as Colwyn Borough officials; here Meuser as a council-person, and Blue as the Mayor and policy making chief supervisor of the Colwyn Borough Police Department, to order officer Michael Kennedy & Michael Hale  to remove Bilal and Davis under threat of arrest from Borough Hall.

77.      Each defendant, including the Borough Defendant,  failed to supervise and/or stop the Defendants, which includes Parham, Chief Hills, Blue, and Meuser, or the police officers afore-identified, from depriving Plaintiff rights though the unreasonable seizure, shucking to the conscious conduct and equal protection of law, by removing and locking the Plaintiff out and by refusing to give the Plaintiffs' entry to the public building or recover personal property with the threat of arrest..

78.      Defendants Blue and Meuser lack statutory authority to remove, bar or terminate n their own decision a Colwyn Borough employee and specifically Bilal and/or Davis.

79.      The Plaintiff Wanda Davis, as a direct result or proximate cause of the Hills, Blue and Meuser's action, sustained economic damages in excess of $100,000, from lost wages and benefits attendant to the Colwyn Borough employment.

80.      Bilal and Davis, sustained economic damages in excess of $100,000, and personal injury, as a direct result of Colwyn Borough's failure to supervise, failure to train Parham  in the

law, presenting a proper and truth affidavit of probable cause, and to train or supervise. Then Mayor Daniel Rutland, Sunday, Heller (other members except Tonette & Martha) and Meuser in the law and permitted action to terminate governmental employees , and/or by the custom, practice and policy of the Borough to not provide pre-termination due process, which the Borough knew or should have known would likely deprive a person of federal rights.

81. Further, the direct and proximate results of the Defendants' conduct, and acts as aforesaid, the Plaintiff Wanda Davis lost her home to Mortgage Foreclosure .

82. As a result of illegal separation from her job, difficulty in securing gainful employment, as a result of an arrest record, which exists still, Davis lost her educational opportunities as well as employment opportunities.

83. The Plaintiff Rochelle Bilal, as a direct result or proximate cause of Parham , Blue and Meuser's actions, suffered economic damages and personal injury. In that she was humiliated, embarrassed, and suffered extreme emotional distress and loss of enjoyment to life and society. The anguish and distress manifested into physical form, such as but not limited to weight changes, mood swings, hair loss, eye twitching, teeth grinding, and upset stomach.

84. Defendant Parham acted under color of state law, in that the Defendants used power that they possessed by virtue of state law; specifically the Borough Code and authority as a police officer to seize a person, file criminal charges and search a person upon a truthful showing of probate cause.

85. Defendants Blue and Meuser acted under color of state law, in that the Defendants used power that they possessed by virtue of state law; specifically the Borough Code.

86. Defendants Blue, Meuser and Parham, acted by malice, hatred, ill will or spite towards the plaintiffs, their gender or race, and with a conscious desire to injure the Plaintiffs,

because of their association, political association, and gender as female or race.

87.     Meuser and Parham acted intentionally, maliciously, recklessly, callously or wantonly in violating the Plaintiff's federally protected rights; these Defendants acted with deliberate indifference for or reckless disregard of the Plaintiffs' federally protected rights, which are more fully shown in the above paragraphs and below Counts.

88.      The Plaintiff Wanda Davis and Bilal were terminated in violation of law and/or Borough Code, such as section 1190 (53 P.S. § 46190) and any exception.

89.     The Plaintiff Wanda Davis and Bilal had the right to be secure in their person and as a citizens, and the rights to due process and not be deprived of property, such as notice of charge, opportunity to reply and defend, and that wages from the  employment not be deprived without valid and/or adequate process they are due under law. They were entitled but deprived of equal treatment because of race or gender, and/or political affiliation or association.

90.     Plaintiffs had a secured due process property interest in their employment or wages therefrom upon the successful completion of a probationary period.

91.     Section 1186 of the Borough Code of Pennsylvania provides as follows regarding the probationary period:

> All original appointments to any position in the police force or as paid operators of fire apparatus shall be for a probationary period of not less than six months, and not more than one year, but during the probationary period, an appointee may be dismissed only for a cause specified in section 1183 of this act. If at the close of a probationary period the conduct [or] fitness of the probationer has not been satisfactory to the council, the probationer shall be notified in writing that he will not receive a permanent appointment. Thereupon, his appointment shall cease; otherwise, his retention shall be equivalent to a permanent appointment.
> 53 .S. § 46186

92.     The Plaintiffs successfully passed their probation periods, and Bilal had a contract

for the employment.

114     On or about September 2013, Colwyn Borough hired Rochelle Bilal as a police officer and head administrator for Colwyn Borough's Police Department; Bilal was hired as Colwyn Borough's Public Safety Director. Bilal was paid wages for the work, and she was to work no less than 40 hours a week.

115     Colwyn Borough, as of September 2013, did not employ six or more full time civil service police officers.

116     The Plaintiff Rochelle Bilal's employment was covered by a collective bargaining agreement and state law which law and agreement provided that Bilal could not be terminated except for just cause shown and pre-termination and post termination due process provided to Bilal.

**COUNT I**
**Unreasonable Seizure and Search**
**42 USC 1983 1986, and 1985.**

117     Plaintiffs repeat all preceding paragraphs here and as though each was repeated verbatim.

118     The Fourth Amendment to the United States Constitution protects persons from being subjected to unreasonable seizures by the police.

119     A law enforcement official may only seize a person (for example, by stopping or arresting the person) if there is appropriate justification to do so.

120     At all times material hereto, the Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham,  Sr., & Jade T. Hayes, colluded, conspired, participated in, looked the other way, acting in concert, jointly, individually and severally, to arrest, charge, harass, impede, separate and terminate the Plaintiffs from their

employment with Colwyn Borough and to deprive both Plaintiffs of their civil, federal, state and federal constitutional rights.

121    Plaintiffs claim that Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham,  Sr., & Jade T. Hayes subjected Bilal and Davis to an unreasonable seizure and search by an arrest, and did so in violation of the Fourth Amendment.

122    Prior to arresting the Plaintiffs, Trevor T. Parham,  Sr., & Jade T. Hayes, acting as aforesaid and as stated herein, obtained an arrest warrant using deception, which was used to make it appear facially there as a valid arrest warrant that was issued in conformity to law and constitution. However, Plaintiff asserts that defendants Trevor T. Parham,  Sr., & Jade T. Hayes did not have an actual valid warrant and the one they had was obtained by making false statements or though means of omissions that created a falsehood in the warrant affidavit.

123    Defendant Trevor T. Parham,  Sr., & Jade T. Hayes, acting together and in concert made the false statements or omissions either deliberately, or with a reckless disregard for the truth.

124    Defendant Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham,  Sr., & Jade T. Hayes false statements or omissions were material, or necessary, to the finding of probable cause for the arrest warrant and/or the omissions were made with reckless disregard for the truth.

125    Defendant Trevor T. Parham,  Sr., & Jade T. Hayes omitted facts that were obvious and the type any reasonable person would believe a judge would want to know.

126    Defendant Trevor T. Parham,  Sr., & Jade T. Hayes intentionally arrested Bilal and Davis, and Parham intentionally handcuffed them and (they were put in back of a locked

police vehicle and taken to State Police Barrack for processing by Lieutenant Mike Dructer, who took them to the police station where the Plaintiffs were photographed and finger printed. Further, while still handcuffed, the Plaintiffs were placed in the back of a locked police car and drove to another location for a preliminary hearing, which acts, as just described, significantly deprived the Plaintiffs of free movement and liberty, and it vc.

127   At all times material hereto, the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham,  Sr., & Jade T. Hayes, participated, colluded, conspired, covered up, looked the other way, failed to stop or  had a hand both directly and/or indirectly in the unreasonable seizure (arrest) and search thereafter of the Plaintiffs.

128    The "seizure" of the Plaintiffs by Defendants Trevor T. Parham, Sr., & Jade T. Hayes, was done when they acted in concert as aforesaid and it was done to accomplish or in furtherance of a unreasonable search and seizure, which  lasted for several hours, when there was not probable cause or just cause for the unreasonable search or seizure.

129   A prudent officer under the same facts and circumstances as existed when the defendants acted would not believe that the Plaintiffs' had committed or were committing a crime.

130   As a consequence of Defendants Paula Brown, Bryan Hills, Trevor T. Parham, Sr., & Jade T. Hayes conduct an unreasonable seizure and search of the Plaintiffs occurred and each Plaintiff suffered a significant deprivation of liberty, sustained economic damages, and were humiliated,  embarrassment, reputations harmed, and suffered extreme emotion anguish by the seizure, court appearance, and public notoriety from the many newspaper and news casting stories about the arrest. Which stories remain still on the internet, and continue to cause the

personal injuries to the reputation of the Plaintiffs, economic damages, and emotional distress, humiliation and embarrassment. As for Defendant Davis, she suffers educational & employment opportunity losses, of which the most recent is a denial of admittance to program at Temple University in 2014.

## Count II
## Constitutional Malicious Prosecution
## 42 USC 1983

131    Plaintiffs repeat all preceding paragraphs here and as though each was repeated verbatim.

132    Plaintiffs Bilal and Davis claim that Daniel Rutland, Trevor T. Parham, Sr., & Jade T. Hayes violated their Fourth Amendment rights by initiating the prosecution against them, for opening reading and not distributing mail, which Defendants asserted violated "Pennsylvania law" but did not.

133    Plaintiffs claim that Defendants Trevor T. Parham, Sr., & Jade T. Hayes knew, or should have known, Bilal and Davis were authorized to receive open, read and distribute the mail, by virtue of Bilal's and Davis' employment position, status, and authority in the employment.

134    Defendants Daniel Rutland, Trevor T. Parham, Sr., & Jade T. Hayes lacked probable cause to initiate the proceeding.

135    The criminal proceeding ended in Plaintiffs' favor. Indeed the charges were summarily dismissed by the court and the county district attorney occurred with the dismissal.

136    Defendant Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes acted maliciously or for a purpose the process was intended and/or to bringing Plaintiffs' to justice.

137     Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes Parham, acting in concert to bring the criminal charges and to foreclose, stall, or prevent Parham's termination, which was at the time being considered by Plaintiff Bilal.

138     Defendant Parham, in initiating the proceeding against Bilal and Davis, did so for his own reason, and to aid Defendants Paul Meuser, Daniel Rutland, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes, who orchestrated & instigated Parham's actions to cause the Plaintiffs'' unreasonable seizure and employment loss.

139     Defendants Paul Meuser, Daniel Rutland, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes are men and loyal members of republican party. Each dislike the Plaintiff who are and because they are females and democrats or aligned with democratic Pray.

140     As a consequence of the criminal proceeding initiated by Parham, which were initiated for the benefit of defendants Parham and the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, & Jade T. Hayes, Plaintiffs Bilal and Davis suffered a significant deprivation under color of state law of liberty, right of association, substantive due process and equal protection as are the rights are secured under the Fourth, Fourteenth and First amendments.

141     Bilal and Davis suffered humiliated and embarrassment, by the initiation of the proceeding, which consequence was an unreasonable seizure and unwanted public notoriety from the many newspaper and news casting stories about the arrest, which article remain on the internet to date and caused, and continue to cause, Bilal and Davis embarrassment, humiliation and personal injury.

**Count III**
**First Amendment political activity - Retaliation**

142     Plaintiffs repeat all preceding paragraphs here and as though each was repeated verbatim.

143     Plaintiffs Bilal and Davis are friends with councilperson Tonette Pray, who is a Democrat.

144     Councilperson Tonette Pray's has a different political party affiliation than the affiliation by Defendant Rutland and/or Meuser before they changed their affiliation to influence outcome of General Election thus changing the minority to majority to oust or unseat Councilwoman Tonette Pray giving then power to then eliminate Bilal & Davis and all of the Blacks as they had constantly promised and threatened for months prior.

145     Bilal and Davis were terminated, unreasonably seized, and/or had criminal proceedings initiated against them, by the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham,  Sr., & Jade T. Hayes Parham , Hayes, because of the association with Tonette Pray and/or Tonette's Pray's political affiliation.

146     The motivating or substantial reason for Bilal and Davis' terminated, the unreasonably seizure, and/or criminal proceedings initiated by Parham, is Bilal's and Davis' association with Tonette Pray and/or Tonette Pray's political affiliation.

147     But for Bilal's and Davis' association with Tonette Pray and/or Tonette Pray's political affiliation, Bilal and Davis claim they would not have been terminated, unreasonably seized, and/or had criminal proceedings initiated against them.

148     As a consequence of the retaliation by the Defendants Paul Meuser, Daniel Rutland, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes, for Bilal's and Davis' association with Tonette Pray and Tonette Pray's political affiliation, Bilal and Davis suffered economic damages in excess of $100,000 each from the lost employment wages, and benefits attended to the employment.

149     Bilal and Davis also suffered significant humiliation and embarrassment from arrest and termination, and unwanted public notoriety from the many newspaper and news casting stories about the arrest and termination, which stories still remain on the internet and cause Bilal and Davis embarrassment, humiliation and personal injury.

**Count IV**
**<u>Gender Discrimination 1981 and 1983</u>**

150     Plaintiffs repeat all preceding paragraphs here and as though each was repeated verbatim.

151     Plaintiff Bilal and Davis are members of a protected class, which class is gender that is based on them being females.

152     Defendants Parham, Blue and Meuser are not members of the same class as the Plaintiffs; Blue, Meuser and Parham are men.

153     Defendant Parham initiated criminal process and proceedings against Bilal and Davis because they are females.

154     Defendants Paul Meuser, Daniel Rutland, Bryan Hills, Patricia Williams, Michael Blue, terminated Bilal and Davis because they are females.

155     Defendants Blue and Meuser have not terminated in the same manner or under the same circumstances any male working for Colwyn Borough.

156     The Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia

Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes have not initiated criminal charges against any male employee of Colwyn Borough, for opening, reading or not delivering mail that was delivered to Colwyn Borough.

157    Plaintiffs Bilal and Davis, in regards to the termination, were treated different from male employees who opened mail that arrives in Colwyn and no male employee was terminated for such Further, no male has been escorted out of a public building under threat of arrest. For example, male police chief Brian Hills was terminated, before the Plaintiffs. Defendant Parham was terminated after the Plaintiffs. However, neither Hills nor Parham, who are males, when terminated were escorted out of the public building by a police officer under the threat of arrest,.

158    Plaintiffs Bilal and Davis in regards to receiving, opening and reading mail were treated different than male employees; in that male employee Brian Hill, a male police chief, before Bilal's employment but during Davis' employment, was not criminally charged for opening mail not addressed to him, but which mail was delivered to Colwyn Borough.

159    But for and the motivating or substantial reason for Plaintiffs' termination and/or the criminal charges being initiated as against the Plaintiffs and being escorted out of the public building under threat of arrest was the Plaintiff's gender, or being female, and/or association or political associations.

160    But for the Plaintiff's being female, their gender, or association and political affiliation association, the Plaintiff's claim that they would not have been terminated and/or had criminal charges and proceeding' initiated against them, or been escorted out by a show of force from a public building under threat of arrested and/or subjected to an unreasonable seizure.

161    As a consequence of being treated unequally, because of gender, or being female,

or the association, as afore-described, Bilal and Davis suffered economic damages in excess of $100,000 each from the lost employment wages, and benefits attended to the employment. Bilal and Davis also suffered harm to their reputations, significant humiliation and embarrassment and were terminated and subjected to unwanted public notoriety by many printed and electronic newspaper and news casters, which arrest stories remain on the internet and cause Bilal and Davis embarrassment, humiliation and personal injury and loss of career advancement or educational opportunities.

### COUNT V
### Conspiracy to Deprive Civil Rights

162    Plaintiffs repeat all preceding paragraphs here and as though each was repeated verbatim.

163    Defendants the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes for the purpose of a conspiracy are two or more persons.

164    The Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes by words and/or deed agreed with one another to do an unlawful thing by lawful or unlawful means, or to do an unlawful deed by unlawful or lawful means. Such as to deprive Davis and Bilal of constitutional rights, such as to liberty, equal protection and property, because of Davis' and/or Bilal's gender or race and/or association or political affiliation and association.

165    The Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes in furtherance of the agreement took substantial steps to achieve or in furtherance of the agreement. In that, Parham initiated criminal proceedings against Davis and Bilal. Blue and Meuser terminated Davis and

Bilal from employment and without adequate or valid due process of law, but using the authority of their public offices, which authority was not vested by law for the two, on their own, to terminate Davis or Bilal. Further, Blue and Meuser in the course of the termination directed a Colwyn Borough police officer to use police authority and a show of force to remove and deny access into building and office or work space to Davis and Bilal from a public building without just cause, reasonable basis or probable cause existing for the police action.

166    As a consequence of the conspiracy by the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes, the Plaintiffs were deprived of liberty and property, valid due process, treated differently than men, lost employment, suffered economic loss from the terminated, and were deprived of substantive due process of law by governmental shocking to the conscious action.

167    As a further consequence of the conspiracy by the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes, the Plaintiffs suffered economic damages, such as wages from the employment and savings, which saving were used to pay an attorney to defend against the criminal charges. The Plaintiffs also suffered personal injury, such as physical, mental anguish, humiliation, embarrassment, and loss of society or enjoyment of life.

## COUNT VI
### Monell

168    Plaintiffs repeat all preceding paragraphs here and as though each was repeated verbatim.

169    Colwyn Borough is a policymaking entity whose actions represent a decision by the government.

170    Colwyn Borough has or failed to adopt an adequate policy, practice or custom to

adequately supervise or train police officers and/or officials, and/or to adequately screen police candidates during the hiring process.

171     Colwyn Borough's policy, practice or custom as just stated above was and is likely to deprive persons of their civil rights, which Colwyn Borough knew or should have known when the Plaintiffs' federal rights were deprived.

172     Colwyn' Borough knew that employees and officials would confront a particular situation, as was confronted with the Plaintiffs, because the activity Plaintiffs were involved and thus arrested and terminated for was ongoing and established in the municipality, via mail opened by Borough employees. In addition, male employees were terminated by Colwyn Borough before and after the Plaintiffs, however, the males were not removed from public buildings using threat of arrest and/or a show of police force. Further, Male employees had engaged in conduct to remove employee police officers and the male employee seeking removal was not terminated and/or arrested for seeking the termination

173     Colwyn Borough by policymakers former Mayor Daniel Rutland, Mayor Blue and Councilpersons and the Defendants Paul Meuster, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham,  Sr., & Jade T. Hayes directing that the violation occur, authorizing the violation, or agreeing to a subordinate's decision to engage in the violation the actions is a government decision by itself and are  to create policy for Colwyn Borough and impose Monell liability on Colwyn Borough.

174     Colwyn Borough's failure to adequately train, adequately supervise, or have an adequate screening practice, amounts to deliberate indifference to the fact that inaction would obviously result in the deprivation of Plaintiffs' federal rights to association, equal protection, property, liberty, and due process of law.

175     The Plaintiffs' situation, as above described, was one were Colwyn Borough had a history of mishandling, and so to mishandle discrimination, retaliation and terminations, which terminations were due to protected status. Such situation as the termination of police chief Bryan hills and officer john Devore, which were situations involving political affiliation and/or race and/or gender discrimination and retaliation by Borough policy and decision-makers.

176     Plaintiffs as a consequent of Colwyn Borough's official policy, custom or practice were deprived of their first, fourth and fourteenth amendment association, freedom from unreasonable seizure, equal protection and due process federal rights.

## COUNT VII
## <u>Supervisor Liability</u>

177     Plaintiffs repeat all preceding paragraphs here and as though each was repeated verbatim.

178     Plaintiffs contend that Defendant Mayor Blue's and Defendant councilperson Meuser's subordinate police officers, Michael Hale & ELIMINATED, and the Defendants Paul Meuster, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes violated Plaintiffs' federal rights to an unreasonable seizure when the officer under a show of force and threat of arrest, removed and refused to allow Plaintiffs to come in the building for work. The Plaintiffs from a public building (Borough Hall) where the Plaintiffs as citizens could remain.

179     Plaintiffs contend that Mayor Blue councilman Meuser are police chief Brian Hills superior, as well as Hills' supervisor; they are the supervisors also for officer Hale and Parham, and as such, Blue and Meuser could have and should have stopped Hill, Parham and the others from depriving Plaintiff's rights.

180     Mayor Blue and council member Meuser knew of Hills and Parham's act as are

29

fully describe already. Mayor Blue and councilman Meuser knew, because each was present and each could with heir supervisory authority could and should have stop the deprivation; they even could and should have prevent it by telling the officer to stop.

181    Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes are supervisors over all police employees and as a supervisor, they are liable for the subordinate officer's conduct.

182    Because supervisors Meuser, Blue and Hills directed the subordinate officers to take the action in question; supervisors, former Mayor Rutland, chief Hills and Meuser, Blue had actual knowledge of the subordinate officer's violation of Plaintiffs' rights, and supervisors Meuser and Blue acquiesced in that violation.

183    At all times material hereto, Defendants and Supervisors Mayor Blue, chief Hills and Council President Paul Meuser, and the Defendants Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes acted with deliberate indifference to the consequences, by such acts as described in the preceding paragraph established and maintained a policy, practice or custom that directly caused the violation.

184    As a consequence of the policy, practice or custom, the Plaintiffs were deprived by the Defendants of property without valid due process, deprived of liberty and without valid due process, and they were treated differently than males, who are not escorted out with police force when terminated.

185    As a further consequence of the policy, practice or custom, of the Defendants the Plaintiffs suffered economic damages, such as wages from the employment and savings, which saving were used to pay an attorney to defend against the criminal charges. The Plaintiffs also suffered personal injury, such as mental anguish, humiliation, embarrassment, and loss of society

or enjoyment of life.

## Count VIII State Claim
## Defamation and Injurious Falsehood

186    Plaintiffs repeat all preceding paragraphs here and as though each was repeated verbatim.

187    Defendant Parham, for himself and for former Mayor Daniel Rutland Meuser, the Does, and Colwyn Borough, and the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham,  Sr., & Jade T. Hayes on or about July 19, 2013, published by a communication to third person (here the world) though newspaper articles, news telecasting's, and the internet the idea that Plaintiffs Bilal and Davis were engaged in criminal conduct; such conduct as, theft, receiving stolen property, conspiracy and interfering with the U.S. Mail.

188    Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes and then Mayor Rutland, Complainant, Blue and Meuser, acting with malice or actual malice knew or should have known that their publication was false and/or that the publication was made in reckless disregard for the truth and/or falsity of the publication.

189    Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham,  Sr., & Jade T. Hayes intended harm to Davis and Bilal and to interfere with Davis' and Bilal's employment, political; affiliation and/or association with Council-person Pray

190    Defendants Parham, Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes and other republican

councilpersons were motivated by ill will towards Pray, Davis and Bilal to take steps on the intent to harm Davis and Bilal with an interference of Davis' and Bilal's employment, political; affiliation and/or association with Councilperson Pray.

191     As a consequence of the Doe and Defendant Complainant's communications, or publication, and the communications or publication by the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham,  Sr., & Jade T. Hayes Mayor Rutland, Meuser, and Parham; that Davis and Bilal were engaged in criminal wrongdoing, when they were not, which these defendants knew or should have known Davis and Bilal were not engaged in criminal conduct, Plaintiffs Davis and Bilal were harmed. Davis and Bilal were injured in their good names, standing and reputation in the community. Plaintiffs also suffered economic damages, such as lost wages, in excess of $150,000 each, from the employment lost, and savings.   They were blackballed, denied career advancement educational opportunities and loss of employment due to public arrest record and character assassination. Which savings were used to pay an attorney to defend against the knowing false criminal charges. Plaintiffs suffered personal injury pain and suffering which still exists, such as loss of liberty, mental anguish, annoyance, humiliation, embarrassment, and loss of society or enjoyment of life

192     The defendants abused any privilege the law may provide for the publication.

193     In addition to compensatory and economic damages, the Plaintiffs seek punitive damages for the Defendants publication.

### COUNT IX State Claim
### Wrongful Use and/or Malicious Prosecution

194     Plaintiffs repeat all preceding paragraphs here and as though each was repeated verbatim.

195     On or about July 19, 2013 Defendants the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham,  Sr., & Jade T. Hayes, acting in concert with Parham initiated criminal proceedings against plaintiffs Davis and Bilal. Parham was influenced and manipulated with false promises of future promotions and promised removal of Davis and Bilal.

196     The proceedings initiated by defendants the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes ere not upon probable cause or truth, but upon an intentional lie or misrepresentation of the truth, with material facts withheld.

197     The proceedings initiated by defendants the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham,  Sr., & Jade T. Hayes and acting in concert with Parham caused Davis and Bilal to:

   a. Be arrested thus their liberty, free movement, to be deprived, for several hours.

   b. Suffer economic damages in excess of $100,000 dollars each.

   c. Suffer personal injury such as annoyance, humiliation, embarrassment,

   d. Suffer harm to their good name and standing in the community, and future employment opportunities, and the benefits and wage from the future employment opportunities, which loss is in excess of $100,000 dollars for each.

198     On or about July 25, 2013 the proceedings initiated by defendant Parham ended favorably for Plaintiffs Davis and Bilal. In that, the charges were dismissed by a reviewing judge and the District Attorney for Delaware County publically said the charges were withdrawn.

199     Parham and Hayes were terminated by Colwyn Borough Council but only after District attorney Jack Whelan held a press conference and publically announcing the withdrawal of all charges, which were dismissed by the Court.

200     Defendant the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes acting in concert with Parham initiated the process with malice for Bilal and Davis.

201     As a consequence of the malicious initiation of criminal proceedings by the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes acting in concert with Parham, the Plaintiffs suffered economic damages, such as wages from the employment and savings, which saving were used to pay an attorney to defend against the criminal charges.

202     As a further consequence of the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes, acting in concert with Parham's initiation of criminal proceedings, the Plaintiffs also suffered personal injury, such as mental anguish, humiliation, embarrassment, loss of society or enjoyment of life, and injury to their good name, standing in the community, and future employment opportunity and benefits (economic and person) therefrom.

### COUNT X State Claim
### Abuse of Process

203     Plaintiffs repeat all preceding paragraphs here and as though each was repeated verbatim.

204     Defendants the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes, acting in concert with Parham initiated criminal process against the Plaintiffs for a purpose not intended by the

process.

205    In that the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham,  Sr., & Jade T. Haye acting in concert with Parham, initiated the criminal process against Davis and Bilal to aid political rivals and adversaries to councilperson T. Pray.

206    Pray is a friend to Davis, and Pray is one of the councilpersons that voted to hire Bilal as police officer and the Public Safety Director for Colwyn Borough.

207    The adversaries to Pray wished to replace Davis and di with a person of their choosing; they too wished to remove Bilal and return police Chief Bryan Hill to head of the police department, which they did after terminating Bilal.

208    In addition, the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham,  Sr., & Jade T. Hayes, acting in concert with Parham, further abused criminal process by using the process to retaliate against Bilal for discipline and/or an investigation that Bilal started over a tasering event. That  event likely would end Perham's employment as a police officer with Colwyn Borough.

209    As a consequence of the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes, acting in concert with Parham's initiation, procuring and continuation of criminal process against Davis and Bilal, they were arrested, lost their liberty or free movement and sustained a pecuniary loss in excess of $20,000 for the payment of attorney fees to defend against the criminal process. In addition, Davis and Bilal sustained personal injury, such as humiliation, embarrassment, mental anguish, and loss of enjoyment of life or society.

## COUNT XI State Claim
## False imprisonment

210    Plaintiffs repeat all preceding paragraphs here and as though each was repeated verbatim.

211    Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham,  Sr., & Jade T. Hayes, acting in concert with Parham. They did on or about July 19, 2013, by actual or apparent physical barriers, such as a physical arrest, the use of handcuffs, holding the Plaintiffs in the police station, then a police car, and then driving them, in the back seat of a locked police vehicle to court, for a preliminary arraignment, caused a false arrest, cause a false imprisonment.

212    The Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes acting in concert with Parham's actions, as just described, caused a confinement, and one that lasted for hours for the Plaintiffs. The confinement was not consented to by the Plaintiffs, but was accomplished by submission of the Plaintiffs to Parham's physical force, show of authority and facially valid warrant that was obtained with false information to accomplish the false arrest and imprisonment.

213    There was not probable cause for the arrest, and Parham withheld material facts to obtain the warrant that Parham relied on to make the arrest. However, Mayor Rutland convinced Hale and Moldavisky, who were on duty, that because the warrant was signed thus a good warrant, and they further said that if they (Hale and Moldavisky) interfered with the arrest that they (Hale and Moldavisky) would be disciplined and criminally charged for obstruction of justice.

214     As a consequence of Plaintiffs' confinement by the false arrest, caused  by Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham,  Sr., & Jade T. Hayes, acting in concert with Parham, the Plaintiffs suffered personal injury, viz mental anguish, embarrassment, humiliation, and loss of reputation and the enjoyment to life and society; further, the Plaintiffs suffered a pecuniary loss in excess of $10,000 dollars.

### COUNT XII State Claim
### Deprivation of State Constitutional Rights
*Pennsylvania Constitution, Art. I, sec. 1, 7, 25 and 26.*
*Inherent Rights, Association, Reservation of Powers, No Discrimination by Political Subdivisions*

215     Plaintiffs repeat all preceding paragraphs here and as though each was repeated verbatim.

216     Plaintiffs' association with councilperson T. Pray and the Plaintiffs' political affiliation are protected activity under Art. I, Sec. 7 of the Pennsylvania Constitution.

217     Plaintiffs' arrest, Bilal's termination as police officer and Public Safety Director, and Davis' termination as Police clerk, removed the prestige of office they each enjoyed. The terminations also removed things attendant to the employment, such things as, the title of Public Safety Director and Borough Secretary, which title provided a value to the Plaintiffs in the form higher wages from future employment opportunities.

218      The termination of the Plaintiffs by the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham,  Sr., acting in concert with Hills and Council President Meuser was intentional and violated their Article 1, Sec 7 right to free association.

219      The termination of the Plaintiffs by the Defendants Paul Meuser, Daniel

Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes, acting in concert with the Defendants Blue, Hills and Meuser was a misuse the high powers Defendants Blue and Meuser possessed as elected councilpersons but which power they used wrongly against the Plaintiffs, and used contrary to the Plaintiffs' Article I Section 25 reservation of rights under the Pennsylvania constitution.

220    Defendants the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes, acting in concert with Defendants Blue and Meuser used their high power as a transgression of the general power of government, and they used the power to violate the Plaintiffs Art. 1 Sec. 1 reputation and property rights; Art 1. Sec. 7 Free Association right; Art. 1 Sec. 11 right to due process, and Art. 1. Sec. 26 right that "N[o] political subdivision, which Colwyn Borough is, shall deny any person the enjoyment of any civil right (such civil right as association) or discriminate against any person in the exercise of any civil right, such as to associate with another having the same political views and/or affiliation.

### COUNT XIII  State Claim
### Pennsylvania Constitution, Art. I, sec. 11
### Procedural Due Process

221.    Plaintiffs repeat here all previous paragraphs and they repeat them as though they were repeated verbatim.

222.    Plaintiffs Wanda Davis and Rochelle Bilal's termination, and the removal of all wages, prestige of office, and benefits attendant to the employment, was done without adequate or valid due process. The publication of the termination injured Bilal's and Davis' reputation, which is fundamental right under the Pennsylvania constitution and a right deprived without adequate due process.

223.     Davis and Bilal civil rights under Art 1. Sec. 11 (right to be free from injury done him in his person or reputation without a remedy or recourse of law, and right and justice administered without delay) was denied by Rutland, Hills, Blue and Meuser.

224.     The termination of Bilal by the Defendants Paul Meuser, Daniel Rutland, Paula Brown, Bryan Hills, Patricia Williams, Michael Blue, Trevor T. Parham, Sr., & Jade T. Hayes Blue, acting in concert and as aforesaid, without first affording Plaintiffs Wanda Davis and Rochelle Bilal adequate and/or timely notice of the termination through a pre or post termination hearing process, or allowing Davis and Bilal an opportunity to be heard in opposition to or to prevent the termination, deprived Davis and Bilal of their procedural right to due process right under Art. I, Sections. 1 and 11 of the Pennsylvania Constitution.

**PRAYER FOR RELIEF**

Plaintiffs Wanda Davis and Rochelle Bilal pray the court enter judgment for them and against the defendants, and to hold the defendants' joint and several likable. To award Plaintiffs all relief allowed at law and in equity to make the Plaintiffs whole. To reinstate the Plaintiffs to the former positions, pay and status, as if none had ended, and to award the Plaintiffs special or punitive damages, a Jury trial, and reasonable attorney fee and the cost of litigation.

Date: September 20, 2014

ECF SIGNATURE     BMP3198                    /s/
                  Brian M. Puricelli
                  Attorneys for Plaintiff Rochelle Bilal

691 Washington Crossing Rd
Newtown PA 18940   215 504 8115
215 504 8115
F 215 504 8115

ECF SIGNATURE                              /s/
                  Vaughn A. Booker, Esquire
                  Attorney for Plaintiff Wanda Davis

**The Philadelphia Building**
**1315 Walnut Street, Suite 1326**
**Philadelphia, Pennsylvania 19107**
**(215) 545-0474 - Telephone**
**(215) 545-0656 - Facsimile**
**VBS00001@aol.com Email**